HENRY BLENDERMAN ET AL. v. EDWARD L. PRICE.

In an action by a first endorsee against the payee and endorser of a note, who had not received legal notice of the dishonor of the paper, the pleader set out in his *narr.* that at the time of making and thence until the time for paying of said note, the maker had in hand no effects of the endorser, nor had received any consideration from the endorser for making or paying the note, but, on the contrary, made the same for the accommodation of the endorser. *Held,* that this presented a legal excuse for a failure to present the note to the maker for payment and to give notice of dishonor to the endorser.

This action is brought upon three promissory notes, each of which was made by one Maria L. Price to the defendant, E. L. Price, payable at the Second National Bank, New York city. The notes were endorsed and delivered by Mr. Price to the plaintiffs. At the time when the several notes matured, payment was demanded and refused, but no notice of protest was given to the defendant. The declaration sets out these facts, including also the facts upon which the pleader relies as an excuse for a failure to give notice of dishonor to the endorser. A demurrer was interposed to the declaration. The question is whether the facts set out disclose a legal excuse for a failure to protest and give notice of the protest to the endorser. The counts demurred to are three, all drawn in the same language, in so far as it appertains to the present inquiry. One count, therefore, is a specimen of all. The third count is, in substance, as follows: "And whereas, also, said Maria L. Price heretofore, to wit, on the nineteenth day of October, in the year eighteen hundred and eighty-three, in New York city, to wit, at Newark, in the county of Essex

aforesaid, made a certain promissory note in writing, bearing certain date, and thereby promised to pay to the order of said defendant, three months after the date thereof, at the Second National Bank, in New York city, for value received, the sum of $761.25, and then and there delivered said note to the defendant, and said defendant then and there endorsed and delivered said note to the plaintiffs. The plaintiffs aver that when said promissory note became due it was duly presented for payment, but that neither the Second National Bank, nor said Maria L. Price nor any person on her behalf, did pay the said note or any part thereof. And plaintiffs further aver that at the time of making said note, and from thence until and at the time when the same was so presented and shown for payment as aforesaid, the said Maria L. Price had not in her hands any effects of the said defendant, nor had said Maria L. Price received any consideration from the said defendant for the making or paying the said promissory note, but, on the contrary, the said Maria L. Price made the said promissory note for the accommodation and at the special instance and request of said defendant; and the said defendant has not sustained any damage for or by reason of his not having had any notice of the non-payment by said Maria L. Price of said sum of money in said promissory note specified."

Argued at November Term, 1887, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, REED and MAGIE.

For the plaintiffs, *Parmly, Olendorf & Fiske.*

For the demurrant, *Robert H. McCarter.*

The opinion of the court was delivered by

REED, J. It is a well-settled rule of the law merchant that the contract of an endorser is that if when the note duly presented is not paid by the maker, he, the endorser, will, upon due and reasonable notice given him of the dishonor, pay the same to the endorsee or other holder. *Story on Promissory Notes* 135.

While this is generally the contract of the endorser, and it therefore follows as a general rule that he is discharged from his liability upon a failure on the part of the holder to present the note for payment to the maker at its maturity, and to give to him, the endorser, the required notice of protest, yet there has become engrafted upon this general rule exceptional instances where the peculiar facts will excuse the holder from making the presentment for payment and giving the notification of dishonor. These exceptional instances are concisely stated by Judge Story in sections 357 and 358 of his work on Promissory Notes.

Among the exceptions to the rule stated by Judge Story is this, namely, that if the note was given for the accommodation of the endorser only, and he has the sole interest in the payment, and must ultimately pay the same, notice of protest is not required.

The pleader in this case has drawn his declaration with the purpose of grounding his right of action against the endorser upon this exception to the general rule requiring notice. He sets forth that at the time of making, as well as at the time when the note was presented for payment, the maker had no effects of the endorser in hand, nor received any consideration for the making or paying said note; that the maker made it for the accommodation of the endorser. The form for this count is found in the second volume of Chitty on Pleading, page 132. As may be suspected from the character of the language in which the excuse is framed, the exception which the pleader is setting forth had its origin in an action upon a bill of exchange. The first appearance in an authoritative shape of this ground of an excuse for a failure to give notice of protest appears in the leading case of *Bickerdike* v. *Bollman*, reported in 1 *T. R.* 405, and annotated by Mr. Smith in volume 2, page 51, of his Leading Cases. In that case Bickerdike was indebted to Greatrix & Co. in the sum of £115 and over, and drew a bill for £20 on Bollman, who was a creditor of Bickendike, payable to Greatrix & Co. The bill was presented at maturity and dishonored. No notice of pro-

test was given by Greatrix & Co. to Bickendike. Upon the trial a verdict was returned for the plaintiff, subject to the opinion of the court in *banc* upon a case stated. The first question was whether notice of protest was necessary to be given to the defendant, the drawer of the bill. It was held that such notice was not essential, because the drawer had no effects in the hands of the drawee, but, on the contrary, was actually indebted to him to a large amount. The reason for the non-requirement of notice in this case given by Buller, J., was that the law requires notice to be given because it is presumed that the bill is drawn on account of the drawee having effects of the drawer in his hands; and if the latter has notice that the bill is not accepted or not paid, he may withdraw them immediately; but if he has no effects in the other's hands, then he cannot be injured by want of notice. This case was decided in the year 1786, and was an action upon an inland bill of exchange. Two years later the same rule was recognized in the case of *Rogers* v. *Stephens*, 2 *T. R.* 713, which was an action on a foreign bill of exchange. In 1810 the case of *Legge* v. *Thorpe*, 12 *East* 171, was decided. It was a suit upon a foreign bill by the endorsee against the drawer, and the rule announced in Bickerdike *v.* Bollman was followed, in which last case, in the language of Bayley, J., employed in Legge *v.* Thorpe, the rule was laid down that where the drawer had no effects at the time in the hands of the drawee, and could have no reason to believe that the bill would be honored; as he could not be injured by want of notice of the dishonor, it was not necessary that notice should be given by the holder.

In 1815 the case of *Claredge* v. *Dalton*, 4 *Mau. & S.* 226, was decided, in which the rule in Bickendike *v.* Bollman was again approved, and to the same purport are the cases of *Sharp* v. *Bailey*, 9 *Barn. & C.* 44, and *Terry* v. *Parker*, 6 *Ad. & E.* 502.

All these cases, it is perceived, are in respect to the liability of the drawer of a bill of exchange. In respect to an endorser of a promissory note, he stands in the same attitude as a

drawer of a bill of exchange. *Heylyn* v. *Adamson*, 2 *Burr.* 669; *Nicholson* v. *Gouthit*, 2 *H. Bl.* 610; *French* v. *Bank of Columbia*, 4 *Cranch* 141. So the rule that when the drawer of a bill of exchange has no funds in the hands of the drawee he is not entitled to notice, is applied where the maker of a promissory note has received no consideration from the payee and endorser for his signature. In other words, where the drawee of a bill of exchange or maker of a promissory note is used as an accommodation merely for the drawee or endorser, neither the drawee nor the endorser is entitled to notice. This rule is recognized in the case of *Carter* v. *Flower*, 16 *M. & W.* 743, and has been incorporated in the text of all the books of authority upon commercial paper. *Story on Notes and Bills*, p. 268; *Edwards on Bills*, p. 638; *Daniel on Neg. Inst.*, ¶ 1685; 3 *Randolph on Com. Paper*, ¶ 1354.

The counsel for the demurrant contends that the rule established in Bickendike *v.* Bollman should not be recognized in this state, or, if recognized at all, should not be applied to promissory notes. In a very exhaustive brief he calls attention to several remarks of the English judges, expressive of regret that the exception had ever found a place in the English law, because it had broken in upon a very plain rule of the law merchant, and he alludes to the cases which have since confined the operation of the exception to the narrowest limits consistent with the recognition of the authority of the leading case.

In alluding to this contention it cannot be denied that it seems impossible to reconcile all the cases which deal with this subject upon any single theory. That the ground of fraud is the test, as some writers are inclined to think, cannot be asserted, unless the word "fraud" is employed in a vague and illegal sense of a failure to pay paper by a party who is primarily responsible for such payment. Nor will the doctrine that whenever the drawer or endorser cannot be injured by a failure to receive notice of dishonor such notice is dispensed with, reconcile the cases, for it is entirely settled that the insolvency or

entire inability of the drawer or maker for value to respond in damages is no excuse for a failure to notify such person.

The rule that whenever the drawer or endorser cannot recover at all in an action against any other party, because he himself is the primary debtor (while it is not consistent with the rule laid down in *Orr* v. *Maginnis*, 7 *East* 359), seems to me to be the principle upon which the exception should rest.

The want of principle arises, it seems to me, not from the character of the original decision which has the subsequent approval of judges like Buller and Bailey as a rational exception, but from a desire to evade the force of the leading case by illogical distinctions. Whatever the reason of the rule, however, it is sufficient to say it is too firmly grounded in the law of England and this country to be now shaken.

Indeed, for fifty years it has been the law of this state by reason of its recognition by this court. In the case of *Letson* v. *Dunham and Nevius*, 2 *Green* 307, it appeared that Dunham and Nevius had drawn their note payable to Dansbury or order, which note was assigned to Letson. The note was not protested, nor was notice of non-payment given to Dansbury, the payee and endorser. It was admitted that the note was given for the accommodation of Dansbury. The court held that Dansbury remained liable to Letson notwithstanding there had been no demand of payment or notice of non-payment; that Dansbury was the real debtor—he had borrowed the note of the defendants for the purpose of raising money upon it, and the moment he endorsed it to Letson he stood in the situation of a drawer of bill without any funds in the hands of the drawees, and was therefore liable in the last resort; and it is settled beyond all dispute that notice of non-payment is unnecessary in such a case.

The point decided was involved in the cause and is the law of this court. It has shaped the advice of the bar upon this question for half a century, and must be considered as definitively settled.

It is further objected that the pleader has not in this declaration eliminated every possible fact which could in any way

prevent the operation of the exception to the rule that notice of non-payment is required.

I think the averment of the pleader is entirely sufficient to accomplish this purpose. It is, as I have already observed, framed after Mr. Chitty's accurate form of a similar pleading and states all that the cases require to be set out on the part of the plaintiff in the first instance. In *Fitzgerald* v. *Williams*, 6 *Bing. N. C.* 68, Tindal, C. J., remarked that the plaintiff, having averred as an excuse for not giving notice of the dishonor of the bill that the defendant had no funds in the acceptor's hands, assigned a sufficient cause if he had stopped there. So, in *Kemble* v. *Mills*, 1 *M. & G.* 757, it was on demurrer held that want of notice of the dishonor of a check on a banker is sufficiently excused, *prima facie*, by alleging that the banker had no effects of the drawer and had received no consideration for payment of the check, and that the defendant had sustained no damage by reason of his having no notice of dishonor. In this case the form given by Mr. Chitty was approved.

The case of *Carter* v. *Flower*, 16 *M. & W.* 743, was an action by a holder against a second endorser, and the averment was that neither the maker or payee had any effects of the defendant in his hands, nor was there any consideration or value for the making of the note or the payment thereof, or its endorsement by the payee to the defendant. It was held that this was bad, because it was not inconsistent with the fact that the note may have been endorsed by the defendant for the accommodation of the maker or payee, and therefore the defendant, on payment, would have had a right to recover over against those persons. It was not denied that if the action had been by the holder against the first endorser the averment would have been good.

I conclude, therefore, that the declaration sets out the legal excuse for a failure to give notice of dishonor to the endorser, and there must be judgment for the plaintiff upon this demurrer.